Carr, J.
The appellant Jones was admitted a party defendant in the county court, after all the depositions had been taken and filed, upon terms, that the hearing should not be delayed. Jones, in his answer, claimed the judgment and execution of Wilright against Hoover, on the ground of an assignment by Wilright to him. He admits that Gall had, previously to the assignment under which he claimed, presented an order from Wilright, to him Jones, then acting as deputy sheriff and having the execution in his hands, for the amount thereof: *172 but he adds, that not long after, Wilright countermanded _ _ * ^ - the order, and said he had lent the money to Gall, and as be had absconded and left the country, he should not have it. That this took place prior to Wilright’s assignment to Jones, is not only admitted in Jones’s answer, but is proved by the depositions. I state these facts, to shew, 1. That from the situation of the cause when Jones was admitted a party defendant, it being then ready for hearing, and all the depositions taken that ever were taken, the terms on which Jones was admitted to put in his answer, that is, not to delay the hearing, prove that no steps were to be taken to put the answer regularly in issue by replications, or to take the depositions over again, since either must have caused delay: 2. That from Jones’s own shewing, he had notice of Gall’s claim, when he took Wilright’s assignment to himself; and that the only point on which he could possibly hope for success, was, that Wilright’s transfer to Gall should be proved to be a loan, and revocable; a point which was already controverted by Wilright’s answer, so that, in truth, Jones and Wilright, as respected Janes, occupied precisely the same ground, and if the transfer to Gall could be disproved, the only question would he, whether Wilright or Jones should receive the money. The only point, then, in which Jones was interested, being in fact already in issue, it needed no step by replication to his answer, to enable him to take further proof touching the fact, if he thought proper, nor did the failure to reply to his answer authorize him to take it as a fact conceded to him, that the order from Wilright to Gall was a loan; because he no where in his answer asserts that fact; the utmost he says is, that Wilright told him so: and because too, the whole evidence in the cause, then ready for hearing, shewed him, that this was the only question in contest. The cause standing in this situation, was, by consent of the parties, removed to the superiour court of chancery of *173 Staunton. Then follows the order of the chancellor, directing the issue to be tried in Pendleton, to ascertain whether Wilright made an absolute sale of his claim against Hoover, or any part thereof, to Gall, and whether, if he did, Gall ever paid him for it. Upon this issue the jury find, that Wilright did make an absolute sale to Gall of the whole claim, and that Gall had paid him for it. It happened, that in the caption of the chancellor’s order sending the issue to Pendleton, the name of Jones, as a party defendant, was omitted; and the same omission, of course, followed in docketing the cause in Pendleton, as that would follow the other. This happened, perhaps, from carelessness; probably, from the fact, that the cause was new in the chancery court, and the names of the parties not familiar. But does any one suppose, that this omission was of any injury to Jones, the only appellant here, and, in truth, the only defendant really interested ? Had he not consented to the removal of the cause to Staunton? Was he not a parly there ? Did he not by his counsel, attend to the case there ? And when it was sent to his own county, to try the only facts in which he was interested, can we imagine, that this deputy sheriff would be either ignorant of, or inattentive to the trial of the issue ? Would this accidental omission of his name in the caption, induce him to suppose, that this was another suit, not that to which he was a party? I can have no such idea; and though there have been some irregularities in the county court (one of which was the making Jones a party defendant, by the court, without consent of the plaintiff) yet, as I think the clear justice of the cause has been attained, I am opposed to reversing the decree. Indeed, I am surprized that the chancellor should ever have thought of sending the cause to an issue, for to my mind, the depositions clearly prove a sale of Wilright's claim against Hoover to Gall, before the transfer to Jones.
*174 Cabell, J.
The condition on which Jones was admitted defendant, that is, of not delaying the hearing of the cause, took the case out of the ordinary rule, and implied that the depositions previously taken were to be read on the hearing; and this, by necessary consequence, absolved the plaintiff from the necessity of replying to the answers, and excluded that admission of the facts alleged in the answers, which, in ordinary cases, is the result of a failure to reply. The only question in the cause, was as to the fact of assignment from Wilright to Gall, not as to the date of that assignment; for if Wilright had really assigned to Gall, it was not denied, that that assignment preceded the assignment to Jones. Upon this question the evidence had been taken; and a jury afterwards passed upon it, and found in favour of Janes, that Wilright had assigned the claim to Gall, for full and valuable consideration. There can be no difficulty as to the amount of the claim thus assigned : the decree of the court, as respects that matter, declares, that it appeared, that the amount which came into the hands of the sheriff of Pendleton, by virtue of the execution of Wilright against Hoover was, on the return day thereof, 185 dollars. We cannot doubt, but that the execution shewing the amount, was before the court, although it is not now to be found in the record. I think the decree should be affirmed.
Brockenbrough, J. concurred.
Tucker, P.
I have no doubt the decree is according to the justice of the case, though there seem to me some irregularities that I cannot easily get over. My brethren, however, do not find the same difficulty, and for my own part, I feel no regret, that they are enabled to get over the mere technicalities which stand in the way of an affirmance.
Decree affirmed.